**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CR-06-124-M |
| | ) |
| ELI DOMINIQUE EDWARDS, and | ) |
| LEWIS JULIAN PETEET, | ) |
| | ) |
| Defendants. | ) |

<u>**ORDER**</u>

Before the Court is defendant Lewis Julian Peteet's ("Peteet") Motion for Severance, filed May 1, 2007. On May 10, 2007, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

On May 17, 2006, the federal grand jury indicted Peteet and co-defendant Eli Dominique Edwards ("Edwards") in an eight count Indictment. In this Indictment, both Peteet and Edwards are charged with possession of firearms after prior felony convictions in violation of 18 U.S.C. § 922(g)(1); car jacking a motor vehicle in violation of 18 U.S.C. § 2119(2); kidnaping a person in violation of 18 U.S.C. § 1201(a)(1); carrying firearms during and in relation to federal crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A); unlawful flight to avoid confinement after conviction in violation of 18 U.S.C. § 1073; and interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312. Peteet and Edwards are also charged with entering into a conspiracy to commit the above referenced crimes.

Peteet now moves this Court to sever his case and to try him separately from Edwards. Peteet asserts that a separate trial is necessary because (1) "*Bruton*"[1] problems exist; (2) Edwards

---

[1]*Bruton v. United States*, 391 U.S. 123 (1968).

has made statements that are adverse to Peteet, and he may not be able to confront such statements; (3) his defense is based upon duress imposed by Edwards; and (4) undue trial delay is likely based upon the fact that Edwards is being evaluated for competency and has not been set for trial.

Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Generally, persons indicted together are tried jointly. *United States v. Rinke*, 778 F.2d 581, 590 (10th Cir. 1985). "The defendant has the burden of clearly showing prejudice would result from a joint trial. . . . [H]e must affirmatively show that a joint trial abridges his right to a fair trial." *United States v. Troutman*, 814 F.2d 1428, 1447 (10th Cir. 1987) (internal citations omitted). "[A]bsent a showing of clear prejudice, a joint trial of the defendants who are charged with a single conspiracy in the same indictment is favored where proof of the charge is predicated upon the same evidence and alleged acts." *United States v. Flanagan*, 34 F.3d 949, 952 (10th Cir. 1994) (internal quotations and citations omitted).

Peteet first asserts that the Court should sever his case because "*Bruton*" problems exist. "*Bruton* holds that the sixth amendment rights of a defendant are violated if the defendant's nontestifying codefendant makes a confession that implicates the defendant and the Government introduces the confession into evidence at their joint trial." *United States v. Hill*, 901 F.2d 880, 883 (10th Cir. 1990). *Bruton*, however, does not require that defendants in joint trials involving *Bruton* problems be tried separately. *Id.*

Having carefully reviewed the parties' submissions, the Court finds that there is no *Bruton* problem warranting severance in this case.  Edwards has not made any confession that implicates Peteet.  Further, while Peteet made a confession through his testimony at his previous state court trial in Texas which could implicate Edwards, Peteet is planning on testifying at his trial to establish his duress defense, and, as such, Edwards would have the right to cross-examine him.  Therefore, the Court finds that no *Bruton* problem exists for either Peteet or Edwards.

Peteet also asserts that Edwards has made statements that are adverse to Peteet and that if Edwards does not testify, he will not be able to confront such statements.  In its response, the government states that the only statement that Edwards made to law enforcement that even made reference to Peteet was that "he was in the same building with the other escapee when he was captured."  The government further states that if the Court determines that this statement creates a *Bruton* issue, it will not offer this statement into evidence at trial.

Having carefully reviewed the parties' submissions, the Court finds that Peteet has failed to establish that any alleged adverse statements made by Edwards warrant severance in this case.  First, the Court finds that Peteet has not specifically identified any statements Edwards has made that are adverse to Peteet.  Second, the Court finds that based upon the government's statement set forth above, the statement Edwards made to law enforcement will not be an issue which would warrant severance.  Finally, the Court finds that assuming the government makes the requisite showing at a *James*[2] hearing, any statements Peteet or Edwards made to or in front of the alleged victims would be admissible as co-conspirator statements under Federal Rule of Evidence 801(d)(2)(e), and, as such, the statements would be admissible against Peteet even if he were tried separately.

---

[2]*United States v. James*, 590 F.2d 575 (5th Cir. 1979).

3

Peteet further asserts that because he will be asserting a defense based upon duress imposed by Edwards, a severance of his case is warranted.  Irreconcilable defenses may require that defendants be tried separately; however, mere conflicting defenses do not, standing alone, satisfy the showing of prejudice necessary for judicial severance.  *United States v. McClure*, 734 F.2d 484, 488 (10th Cir. 1984).  "[S]everance is not required unless the defendant proves that the defenses are so antagonistic that they are mutually exclusive."  *United States v. Burrell*, 720 F.2d 1488, 1492 (10th Cir. 1983).  One defendant's attempt to cast blame on another defendant is not, in itself, sufficient to require separate trials.  *McClure*, 734 F.2d at 488.

When considering a motion for severance based upon mutually antagonistic defenses, a court should engage in the following three step inquiry:

> First, it must determine whether the defenses presented are so antagonistic that they are mutually exclusive.  Second, because mutually antagonistic defenses are not prejudicial per se, a defendant must further show a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence.  Third, if the first two factors are met, the trial court exercises its discretion and weighs the prejudice to a particular defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration.

*United States v. Pursley*, 474 F.3d 757, 765 (10th Cir. 2007) (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that even assuming that Peteet's defense and Edwards' defense are mutually antagonistic,[3] Peteet has not shown a serious risk that a joint trial would compromise a specific trial right or prevent the jury from making a

---

[3]What Edwards' defense will be is unknown at this time.  Some defenses Edwards may raise, such as insanity, are not necessarily mutually antagonistic to Peteet.

reliable judgment about guilt or innocence.  Other than stating what his defense is, Peteet has made no showing as to any specific trial right which would be compromised[4] or as to how the jury would be prevented from making a reliable judgment about guilt or innocence.  Because Peteet has not established the second element, the Court finds that severance is not warranted based upon Peteet's duress defense.[5]

Finally, Peteet asserts that a severance of his case is warranted based upon undue trial delay due to the fact that Edwards is being evaluated for competency and has not been set for trial.  Having carefully reviewed the parties' submissions, the Court finds that any delay in going to trial[6] is not sufficient to warrant severance in this case.  Specifically, the Court finds that continuing Peteet's trial until it can be set at the same time as Edwards in no way impairs Peteet's right to a speedy trial.  In fact, such time is specifically excluded under the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(7).  Further, all of the evidence and witnesses which the government intends to use against Peteet and Edwards is the same.  The Court, thus, finds that considerations of economy and expedition in judicial administration would be furthered by trying Peteet and Edwards together.

---

[4]If Peteet is asserting his Sixth Amendment right will be compromised based upon the *Bruton* problem referenced above, for the reasons set forth above, the Court finds no compromise to Peteet's Sixth Amendment right.

[5]Because any analysis regarding Edwards' defenses is somewhat premature at this stage, Peteet is not precluded from reasserting his motion to sever based upon mutually antagonistic defenses at a later date when it becomes clear what defense Edwards will be asserting.

[6]It is likely the delay will only be three to four months.

Accordingly, for the reasons set forth above, the Court DENIES Peteet's Motion for Severance [docket no. 27].

**IT IS SO ORDERED this 21st day of May, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE